JUSTICE KOONTZ,
with whom JUSTICE KINSER joins, dissenting.
I respectfully dissent. As reflected in the majority opinion, the focus of this appeal is the provision in the trial court’s 1991 decree which states, in accord with the parties’ agreement, that the amount payable for child support “shall be renegotiated or submitted to a court for adjudication on the first event of emancipation ... as to each child.” (Emphasis added). The parties had four minor children and their agreement identified the emancipation events as “attain the age of eighteen (18) years, marry, become self-supporting, become otherwise emancipated, or die, whichever shall first occur.”
I have no quarrel with the majority’s rejection of the Court of Appeals’ finding that this provision is void. It is not void because as written it does not prevent the court from modifying the child support award pursuant to Code § 20-107.2, permit a retroactive modification of the child support award in violation of Code § 20-108, or violate any public policy. And, in passing, I should mention that indeed the Court of Appeals might likely now agree that this provision is not void in view of its most recent decision in Shoup v. Shoup, 37 Va. App. 240, 556 S.E.2d 783 (2001) (en banc) (former husband and former wife not required to obtain court approval before *450 reducing child support pursuant to child support agreement incorporated into divorce decree).
I disagree, however, with the majority’s conclusion that it is “implicit” in the trial court’s decree that any renegotiation of the amount of child support for the parties’ unemancipated children “would be subject to court approval.” The express language of the court’s decree dictates the opposite conclusion. The court’s decree expressly directs the parties to renegotiate the amount of the child support award upon the happening of specific emancipation events. Those emancipation events are not inconsistent with the best interests of a child, do not violate any law, and their occurrence is reasonably ascertainable. Moreover, their occurrence in this case with regard to two of the parties’ children is not disputed. The court’s decree further expressly provides, by the use of the word “or,” that, in the absence of successful renegotiations, the amount of the child support award is to be “submitted to a court for adjudication.” The majority effectively converts the disjunctive “or” into the conjunctive “and.”
Because the court’s 1991 decree is not void, the parties were not merely required to adhere to its provisions, but they also were entitled to rely upon its provisions. Thus, the issue in the case is whether the parties renegotiated the amount of child support consistent with the provisions of the court’s decree. Mr. Riggins asserted in the trial court that he renegotiated the amount of child support due under the provisions of the decree and Mrs. O’Brien contended otherwise, even though she made no objection to the amounts paid to her and received those amounts for over six years. The trial court, however, did not resolve that issue and the Court of Appeals held that whether the parties renegotiated the child support upon a child’s emancipation “is not dispositive of the legal issues presented.” Riggins v. O’Brien, 34 Va. App. 82, 87, 538 S.E.2d 320, 322 (2000).
Accordingly, I would reverse the judgment of the Court of Appeals and remand the case with instructions that it remand the case to the trial court to determine whether the parties in fact renegotiated the amount of child support as directed and permitted by the trial court’s 1991 decree.